UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION
_____

KEVIN WILLIAM CASSADAY,

        Plaintiff,

        Case No. 1:22-cv-849

v.

        Honorable Gordon J. Quist

UNKNOWN PARTY #1 et al.,

        Defendants.
_____/

**OPINION DENYING LEAVE
TO PROCEED *IN FORMA PAUPERIS* - THREE STRIKES**

This is a civil rights action brought by a federal pretrial detainee. Plaintiff seeks leave to proceed *in forma pauperis*. Because Plaintiff has filed at least three lawsuits that were dismissed as frivolous, malicious or for failure to state a claim, he is barred from proceeding *in forma pauperis* under 28 U.S.C. § 1915(g). The Court will order Plaintiff to pay the $402.00 civil action filing fees applicable to those not permitted to proceed *in forma pauperis*. This fee must be paid within twenty-eight (28) days of this opinion and accompanying order. If Plaintiff fails to pay the fee, the Court will order that this case be dismissed without prejudice. Even if the case is dismissed, Plaintiff must pay the $402.00 filing fees in accordance with *In re Alea*, 286 F.3d 378, 380–81 (6th Cir. 2002).

**Discussion**

The Prison Litigation Reform Act (PLRA), Pub. L. No. 104-134, 110 Stat. 1321 (1996), which was enacted on April 26, 1996, amended the procedural rules governing a prisoner's request for the privilege of proceeding *in forma pauperis*. As the Sixth Circuit has stated, the PLRA was "aimed at the skyrocketing numbers of claims filed by prisoners–many of which are meritless–and

the corresponding burden those filings have placed on the federal courts." *Hampton v. Hobbs*, 106 F.3d 1281, 1286 (6th Cir. 1997). For that reason, Congress created economic incentives to prompt a prisoner to "stop and think" before filing a complaint. *Id.* For example, a prisoner is liable for the civil action filing fee, and if the prisoner qualifies to proceed *in forma pauperis*, the prisoner may pay the fee through partial payments as outlined in 28 U.S.C. § 1915(b). The constitutionality of the fee requirements of the PLRA has been upheld by the Sixth Circuit. *Id.* at 1288.

In addition, another provision reinforces the "stop and think" aspect of the PLRA by preventing a prisoner from proceeding *in forma pauperis* when the prisoner repeatedly files meritless lawsuits. Known as the "three-strikes" rule, the provision states:

> In no event shall a prisoner bring a civil action or appeal a judgment in a civil action or proceeding under [the section governing proceedings *in forma pauperis*] if the prisoner has, on 3 or more prior occasions, while incarcerated or detained in any facility, brought an action or appeal in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted, unless the prisoner is under imminent danger of serious physical injury.

28 U.S.C. § 1915(g). The statutory restriction "[i]n no event," found in § 1915(g), is express and unequivocal. The statute does allow an exception for a prisoner who is "under imminent danger of serious physical injury." The Sixth Circuit has upheld the constitutionality of the three-strikes rule against arguments that it violates equal protection, the right of access to the courts, and due process, and that it constitutes a bill of attainder and is *ex post facto* legislation. *Wilson v. Yaklich*, 148 F.3d 596, 604–06 (6th Cir. 1998).

Plaintiff has been an active litigant in the federal courts in Michigan. In more than three of Plaintiff's lawsuits, the Court entered dismissals on the grounds that the cases were frivolous, malicious, and/or failed to state a claim. *See Cassaday v. Pure Options*, No. 1:22-cv-532 (W.D. Mich. Jul. 11, 2022); *Cassaday v. Food and Drug Administration*, No. 1:22-cv-558 (W.D. Mich.

2

Jul. 11, 2022); *Cassaday v. Trump*, No. 1:22-cv-682 (W.D. Mich. Aug. 3, 2022). All of Plaintiff's dismissals were entered after enactment of the PLRA on April 26, 1996.

Moreover, Plaintiff's allegations do not fall within the "imminent danger" exception to the three-strikes rule. 28 U.S.C. § 1915(g). Plaintiff does not allege facts showing that he is in imminent danger of serious physical injury. His allegations instead focus on a specific incident on August 30, 2022. Plaintiff complained to Defendant Trevor Sherman regarding cell overcrowding. During the conversation, Plaintiff called Sherman a "smart ass." (ECF No. 1, PageID.4.) Sherman directed Plaintiff to put his hands behind his back to "cuff up." (*Id.*) Plaintiff resisted being cuffed Sherman and "Sergeant Mike" used excessive force to handcuff Plaintiff and take him to "the tank." (*Id.*, PageID.7.) Plaintiff remained in the tank for nine hours without a mat.

Plaintiff describes additional unpleasant conditions of confinement. Plaintiff contends that Defendants deny him respect and intend to create hardships for Plaintiff. (*Id.*, PageID.9.) He seeks $50,000,000.00 in damages.

The crux of Petitioner's complaint is that he has suffered harms in the past, including excessive force and unsatisfactory conditions of confinement in "the tank." But Plaintiff does not allege that the "dangers" of which he complains have resulted in serious physical injury. *Gresham v. Meden*, 938 F.3d 847, 850 (6th Cir. 2019) ("A physical injury is 'serious' for purposes of § 1915(g) if it has potentially dangerous consequences such as death *or severe bodily harm*." (emphasis added). Moreover, "a prisoner's assertion that he . . . faced danger in the past is insufficient to invoke the exception." *Rittner v. Kinder*, 290 F. App'x 796, 797–98 (6th Cir. 2008).

Because Plaintiff does not allege an imminent danger of serious physical injury, § 1915(g) prohibits Plaintiff from proceeding *in forma pauperis* in this action. Plaintiff has twenty-eight (28) days from the date of entry of this order to pay the civil action filing fees, which total $402.00. If

3

Plaintiff does not pay the filing fees within the 28-day period, this case will be dismissed without prejudice, but Plaintiff will continue to be responsible for payment of the $402.00 filing fees.

Dated: September 27, 2022                                             /s/ Gordon J. Quist
                                                                                    GORDON J. QUIST
                                                                          UNITED STATES DISTRICT JUDGE

**SEND REMITTANCES TO THE FOLLOWING ADDRESS**:

Clerk, U.S. District Court
399 Federal Bldg.
110 Michigan St., N.W.
Grand Rapids, MI 49503

**All checks or other forms of payment shall be payable to "Clerk, U.S. District Court."**